UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| EUGENE R. SELLERS, | § | |
|     Plaintiff, | § | Case No.: 1:19-cv-01451-GLR |
| | § | |
| VS. | § | Judge George L. Russell |
| | § | |
| DAWSON SOLUTIONS, LLC AND | § | |
| DAWSON FEDERAL INCORPORATED | § | |
| | § | |
|     Defendants. | § | |

### **DEFENDANTS' ANSWER**
### **TO PLAINTIFF'S ORIGINAL COMPLAINT**

NOW COMES Dawson Federal Incorporated ("Dawson Federal") and Dawson Solutions, LLC ("Dawson Solutions") (collectively, "Defendants" or "Dawson"), defendants in the above-styled and numbered cause, and file this Answer to Plaintiff's Complaint, and would respectfully show the Court as follows:

### **I.    ADMISSIONS & DENIALS**

#### **INTRODUCTION**

1.    Defendants deny the allegations in Paragraph 1.

#### **PARTIES**

2.    Defendants admit Plaintiff Eugene R. Sellers ("Plaintiff") is a natural person who was formally employed by Defendants and who performed services for them. Defendants deny the remaining allegations in Paragraph 2.

3.    Defendants admit that Dawson Federal is a corporation that competes for and provides services under government contracts with the United States of America for federal clients. Defendants deny the remaining allegations in Paragraph 3.

1

4. Defendants admit that Dawson Solutions is a limited liability company that competes for and provides services under government contracts with the United States of America for federal clients. Defendants deny the remaining allegations in Paragraph 4.

5. Defendants admit the allegations in Paragraph 5.

## JURISDICTION AND VENUE

6. Defendants deny that they are subject to personal jurisdiction in the State of Maryland.

7. Defendants deny that venue is proper in Maryland.

## Factual Background

8. Defendants admit that Plaintiff was hired on or about November 18, 2014 as a Senior Subject Matter Expert, Senior Counter-Intelligence Operations Planner and that Exhibit 1 to Plaintiff's Complaint is a true and correct copy of an offer letter from Dawson Federal to Plaintiff, dated November 18, 2014, regarding Plaintiff's employment (the "Offer Letter"). Defendants deny the remaining allegations in Paragraph 8.

9. Defendants admit that the duties of this position included business development and acquisition of Department of Defense and other government contracts, as well as operational responsibilities to ensure the successful completion of said contracts, and Defendants aver that Plaintiff failed to discharge said duties to Defendants' satisfaction.

10. Defendants admit that Plaintiff regularly provided services to federal clients in Virginia, Washington, D.C., and other states. Defendants deny that Plaintiff regularly provided services to Defendants and their federal clients in Maryland.

11. Defendants admit that while employed by Dawson, Plaintiff's compensation was initially set at an annual salary of $150,000.00 – subject to periodic performance reviews and an

annual salary review – and a base year sales incentive plan set forth in the Offer Letter. Defendants further admit that Plaintiff was employed by Dawson Federal from November 24, 2014 until approximately January 1, 2018, when Dawson Federal transferred Plaintiff's employment to Dawson Solutions. Defendants deny the remaining allegations in Paragraph 11.

12. Defendants deny the allegations in Paragraph 12.

13. Defendants deny the allegations in Paragraph 13.

14. Defendants deny the allegations in Paragraph 14.

15. Defendants deny the allegations in Paragraph 15.

16. Defendants deny the allegations in Paragraph 16.

17. Defendants deny the allegations in Paragraph 17.

18. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 18 and therefore deny the same.

19. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 19 and therefore deny the same.

20. Defendants admit the allegations in Paragraph 20.

21. Defendants aver that Exhibit 2 speaks for itself and that the performance review in Exhibit 2 is not representative of Plaintiff's performance at other times during his employment with Dawson.

*Dawson's Payment Issues*

22. Defendants deny that Plaintiff's performance was exceptional and aver that Dawson paid Plaintiff the full amount owed to Plaintiff pursuant to the Offer Letter in light of his performance. Defendants deny the remaining allegations in Paragraph 22.

23. Defendants deny that Plaintiff was paid $102,425.51 and $113,132.96 in 2016 and 2017, respectively, and aver that in light of Plaintiff's performance, Plaintiff was not entitled to a $150,000.00 salary for the years 2016 and 2017. Defendants deny the remaining allegations in Paragraph 23.

24. Defendants deny the allegations in Paragraph 24 and aver that Plaintiff was not entitled to the amounts set forth in said Paragraph 24.

25. Defendants aver that Plaintiff was paid all sales incentives owed to Plaintiff and deny the remaining allegations in Paragraph 25.

26. Defendants deny the allegations in Paragraph 26.

27. Upon information and belief, Defendants admit that Plaintiff assisted in obtaining the following contracts:

- DJF-16-1200-V-0005131 with the Federal Bureau of Investigations in 2016
- HHM402-16-C-0072 with the Defense Intelligence Agency in 2016
- W91RUS-16-C-0049 with the US. Army Intelligence Center of Excellence in 2016
- W91249-17-P-0130 with the 202nd Military Intelligence Battalion in 2017
- HC1047-17-C-4009 with the Defense Information Systems Agency in 2017

Defendants deny that Plaintiff was entitled to the actual amount of sales incentives listed by Plaintiff for the above-named contracts and aver that he was properly paid commissions for any contract that he obtained or helped obtain. Defendants deny that Plaintiff helped obtain the remaining listed contracts in Paragraph 27 or that the sales incentives for such contracts are owed to Plaintiff, including:

- DJF-16-1200-D-0003284 with the Federal Bureau of Investigations in 2016
- W900KK-17-C-0020 with the U.S. Army HUMINT Training Joint Center of Excellence in 2017
- W91249-17-R-0123 with the U.S. Army Intelligence Center of Excellence in 2017
- HT0011-17-R-0027 with the Defense Health Agency, J-6 in 2017
- 99th Contracting Squadron, Nellis Air Force Base in 2018

Defendants lack information or knowledge sufficient to form a belief as to the truth of whether Plaintiff obtained the U.S. Army Corp of Engineers, Pittsburgh District contract in 2018 to admit or deny, and therefore deny the allegations.

28. Defendants deny the allegations in Paragraph 28.

*Termination*

29. Defendants deny the allegations in Paragraph 29.

30. Defendants aver that Plaintiff was not entitled to "routine commission payments." Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 and therefore deny the same.

31. Defendants admit that Plaintiff offered his resignation via email. Defendants deny the remaining allegations in Paragraph 31.

32. Defendants admit the allegations in Paragraph 32.

33. Defendants admit the allegations in Paragraph 33.

34. Defendants admit the allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35.

36. Defendants admit that Plaintiff executed a Resignation Letter. Defendants deny the remaining allegations in Paragraph 36 as described therein.

37. Defendants admit that Plaintiff received a call from Ms. Reeves and Ms. Smith. Defendants deny the remaining allegations in Paragraph 37.

38. Defendants admit that Plaintiff was told that the requested commissions were too high. Defendants deny the remaining allegations as described in Paragraph 38.

39. Defendants admit that Dawson Solutions terminated Plaintiff's employment. Defendants deny the remaining allegations in Paragraph 39.

40. Defendants deny the allegations in Paragraph 40.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants admit that Plaintiff's final paycheck, dated September 28, 2018, showed a vacation balance of 462.16 hours, but because the vacation balance data was self-reported by Plaintiff, Defendants lack information and knowledge sufficient to form a belief as to the accuracy of the vacation balance and therefore deny the same. Defendants admit that the September 28, 2018 paycheck did not include payment for any back pay, vacation, or incentive pay, and Defendants aver that Plaintiff was not entitled to payment of the same because Dawson already fulfilled its payment obligations. Defendants admit that a true and correct copy of Plaintiff's September 28, 2018 paycheck record is attached to Plaintiff's Complaint as Exhibit 4 and deny the remaining allegations in Paragraph 42.

43. Defendants admit that Dawson sent Plaintiff a paycheck dated October 23, 2018 that included payment for $29,010.80 in accrued vacation and $33,574.57 and that a true and correct copy of the October 23, 2018 paycheck record is attached to the Complaint as Exhibit 5. Defendants allege and aver that Dawson calculated and paid the $29,010.80 in good faith reliance on Plaintiff's self-reported vacation accrual data. However, because such time was self-reported by Plaintiff, Defendants lack information and knowledge sufficient to form a belief as to whether the amount paid for accrued vacation reflected the amount of actual vacation time accrued by Plaintiff, and therefore deny the same. Defendants further deny the remaining allegations in Paragraph 43.

44. Defendants admit that the October 23, 2018 paycheck included payment for $29,010.80 in vacation and $33,574.57 in incentive pay and deny the remaining allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46 and aver that Dawson does not owe Plaintiff any back pay, incentive pay, or vacation pay to date.

47. Defendants deny the allegations in Paragraph 47 and aver that no further wages were owed to Plaintiff.

48. Defendants deny Plaintiff had a contract of employment with Defendants.

### Count I
### Violation of the Maryland Wage Payment and Collection Law
**(Dawson Federal)**

49. Responding to Paragraph 49, Defendants allege and incorporate herein their prior responses.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52 and aver that no further wages were owed to Plaintiff after he received the October 23, 2018 paycheck.

53. Defendants deny the allegations in Paragraph 53 and aver that no further wages were owed to Plaintiff.

54. Defendants deny the allegations in Paragraph 54.

55. Defendants deny the allegations in Paragraph 55.

### Count II
### Violation of the Maryland Wage Payment and Collection Law
**(Dawson Solutions)**

56. Responding to Paragraph 56, Defendants allege and incorporate herein their prior responses.

57. Defendants deny the allegations in Paragraph 57 and aver that Plaintiff was transferred from Dawson Federal to Dawson Solutions on or about January 1, 2018.

58. Defendants deny the allegations in Paragraph 58 and aver that no further sales incentives or wages due to accrued vacation time were owed to Plaintiff.

59. Defendants deny the allegations in Paragraph 59 and aver that no further wages were owed to Plaintiff.

60. Defendants deny the allegations in Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

**Count III**
**Breach of Contract**
**(Dawson Federal)**

62. Responding to Paragraph 62, Defendants allege and incorporate herein their prior responses.

63. Defendants deny that the Offer Letter is a valid and binding contract between Dawson Federal and Plaintiff. Defendants allege and aver that the Offer Letter speaks for itself and that all compensation set forth in the Offer Letter was subject to periodic performance reviews and an annual salary review. Defendants deny the remaining allegations in Paragraph 63.

64. Defendants aver that Dawson paid in full any salary and sales incentives due to Plaintiff in 2016 and 2017. Defendants deny the remaining allegations in Paragraph 64.

65. Defendants deny the allegations in Paragraph 65.

**Count IV**
**Breach of Contract**
**(Dawson Solutions)**

66. Responding to Paragraph 66, Defendants allege and incorporate herein their prior responses.

67. Defendants deny the allegations in Paragraph 67.

68. Defendants deny that the Offer Letter is a valid and binding contract between Dawson Solutions and Plaintiff. Defendants allege and aver that all compensation set forth in the Offer Letter was subject to periodic performance reviews and an annual salary review. Defendants deny the remaining allegations in Paragraph 68.

69. Defendants aver that Dawson paid in full any and all sales incentives and accrued vacation time due to Plaintiff in 2018 and deny the remaining allegations in Paragraph 69.

70. Defendants deny the allegations in Paragraph 70.

Defendants deny any and all remaining claims and allegations not otherwise answered or expressly addressed herein, including without limitation that they are subject to liability and that Plaintiff is owed anything requested in his prayer.

## II. DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted with respect to his Maryland Wage Payment and Collection Law claims because neither Plaintiff nor Defendants meet the requirements for its application.

2. Defendants are not subject to liability or treble damages under the Maryland Wage Payment and Collection Law because there was a bona fide dispute as to Plaintiff's commission and annual salary and Defendants acted in good faith in paying Plaintiff.

3. To the extent applicable, Defendants assert that no commission agreement existed between Plaintiff and Defendants beyond the terms of the Offer Letter.

4. Defendants assert the affirmative defense of accord and satisfaction that Plaintiff was properly paid all wages, commissions, and benefits owed to him.

5. Defendants allege that Plaintiff's claims are barred by the doctrines of ratification, release, discharge, waiver, estoppel, laches, and unclean hands.

6. Defendants assert that Plaintiff's claims are barred by the defenses of consent and acquiescence.

7. Defendants assert that Plaintiff's claims are barred because of Plaintiff's own acts and omissions.

8. Defendants assert that Plaintiff's claims are barred because of Plaintiff's own misrepresentations.

9. Alternatively, Plaintiff failed to satisfy conditions precedent to the Offer Letter.

10. Plaintiff has failed to mitigate any damages he may have suffered by reason of Defendants' alleged actions.

11. Defendants are entitled to an offset of any damages awarded to Plaintiff.

12. Defendants were within their right to unilaterally adjust Plaintiff's compensation based on performance.

13. Defendants were within their right to terminate Plaintiff's employment at any time without cause because his employment was at-will.

14. To the extent applicable, any actions that fall outside of the statute of limitations for Plaintiff's breach of contract claims are barred.

15. To the extent applicable, any actions that fall outside of the statute of limitations for Plaintiff's Maryland Wage Payment and Collection Law claims are barred.

16. Defendants reserve the right to assert additional affirmative defenses and defenses that may be applicable during the course of this litigation.

### III.     PRAYER

WHEREFORE, Defendants pray the Court will: enter judgment that the Plaintiff takes nothing; dismiss Plaintiff's suit with prejudice; assess costs against Plaintiff; and award Defendants attorneys fees and any and all other relief the Court deems appropriate.

Respectfully submitted,

**CLARK HILL STRASBURGER**

BY:  */s/ Robert Tomilson*
**ROBERT TOMILSON**
Maryland Bar No. 9912160221
rtomilson@clarkhill.com
One Commerce Square
2005 Market St, Suite 1000
Philadelphia, PA 19103
Telephone:  (215) 640-8550
Facsimile:  (215) 640-8501

**ATTORNEYS FOR DEFENDANTS**
**DAWSON FEDERAL INCORPORATED AND DAWSON SOLUTIONS, LLC**

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 23rd day of May, 2018, a true and correct copy of the above and foregoing pleading was served in accordance with the CM/ECF filing system to:

**HIRSCHLER FLEISCHER, P.C.**
Wayne G Travell, Esq.
Robert R. Vieth, Esq.
Roxanne F. Rosado, Esq.
8270 Greensboro Drive, Suite 700
Tysons, Virginia 22102
Telephone: (703) 584-8903
Facsimile: (703) 584-8901
wtravell@hirschlerlaw.com
rvieth@hirschlerlaw.com
rrsoado@hirschlerlaw.com
**ATTORNEYS FOR PLAINTIFF**

            */s/ Robert Tomilson*
            Robert Tomilson

4830-1316-5464.1/D3847/B18306/052319